### CONDON, Plaintiff-Appellee, v. ZAVESKY, Jr., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22781. Decided May 18, 1953.

Laronge & Curtis, Cleveland, for plaintiff-appellee.
Davis & Young, Cleveland, for defendant-appellant.

### OPINION

By SKEEL, J:

The undisputed evidence, as shown by the record in this case, reveals that the intersection of West 9th and Superior Avenue in the City of Cleveland (which is immediately east of the east end of the High Level Bridge) is controlled by signal lights. These lights are set so that after east and west bound traffic has been stopped and traffic directed to proceed north and south across the intersection on West 9th Street, said signal then changes so that the east-bound traffic may proceed for an interval of six or eight seconds before the west-bound traffic is permitted to move forward. said interval

being provided to permit east-bound traffic to make a left-hand turn north into West 9th Street before being blocked by west-bound traffic.

The undisputed evidence in this case shows that the defendant had been proceeding east over the high level bridge and was the second car in line in the northerly east-bound lane stopping for the red light at the West 9th Street intersection; that thereafter, the green light turned for east-bound traffic to proceed. The car ahead of the defendant proceeded through the intersection either forward into Superior Avenue or left into West 9th Street (the evidence being in dispute on this point), and the defendant, hesitating for a moment before proceeding into the intersection to make a left-hand turn because he did not discover until then that the west-bound traffic was being held and then proceeded to make a left-hand turn into West 9th Street and while thus turning the signal light changed permitting west-bound traffic to proceed. Plaintiff started forward from a standing position when the signal changed permitting west-bound traffic to proceed and ran into the side of defendant's car then at an angle in the intersection, making said left hand turn.

From the foregoing facts it is the view of a majority of this court that the defendant, having proceeded into the intersection as directed by the traffic light, and making a left-hand turn under the protection of the delayed signal light for west-bound traffic, was lawfully in the intersection and when the signal thereafter changed for west-bound traffic to proceed, it was the duty of plaintiff to exercise care with respect to the traffic then lawfully in the intersection making a left-hand turn.

The judgment of the trial court dismissing the defendant's cross-petition and finding for the plaintiff is therefore reversed as contrary to law for failure to accord defendant his preferential right under the undisputed facts and the cause is remanded for further proceedings. Exceptions noted. Order see journal.

HURD, PJ, Concurs.
KOVACHY, J, dissents.

## DISSENTING OPINION

By KOVACHY, J:

I do not agree with the majority.

The evidence in this case is clear and undisputed. The plaintiff was operating his automobile west-bound on West Superior Avenue and stopped in compliance with a red light at West 9th Street. The defendant was operating his auto-

mobile east-bound over the high level bridge and likewise stopped his vehicle in compliance with the red light at West 9th Street. The defendant was the second automobile in line and, when the green light came on for him, proceeded easterly into the extremely wide intersection with the intention of making a left hand turn north into West 9th Street. The green light for west-bound traffic was delayed six or eight seconds and when it came on, the plaintiff proceeded across the intersection westerly with the intention of going across the high level bridge. He had proceeded some 57 feet when he observed defendant's automobile turning in front of him fifteen to eighteen feet away. His automobile struck defendant's automobile on the right side, causing considerable damage to both.

It seems obvious that the purpose of delaying the green light for west-bound traffic was to hold traffic back to afford east-bound vehicles making left hand turns, a short surcease from the constant flow of west-bound traffic at this busy intersection, and consequently to allow more automobiles to negotiate the left hand turn than would be possible were the green lights operating in unison.

In my opinion, the mere changing of the timing of standard lights to conform to the practical necessity in the movement of vehicles at a given intersection, cannot, nor does not change the law with respect to such movements. The law for operators making a left hand turn at intersections reads as follows:

"The operator of a vehicle, street car or trackless trolley within the intersection intending to turn to the left, shall yield the right of way to any vehicle, street car or trackless trolley approaching from the opposite direction." **Sec. 6307-41 GC.**

The defendant in this case did not yield the right of way to the plaintiff who, under the circumstances, had the preference under the law and as a result the defendant was negligent.

**Sec. 6307-2 GC—**

"The 'right of way.' The right of a vehicle, street car or trackless trolley, or pedestrian, to proceed uninterruptedly in a lawful manner in which he or it is moving in preference to any vehicle, street car, trackless trolley or pedestrian, approaching from a different direction in its or his path."

This negligence was the proximate cause of the accident. The court below, therefore, in my opinion, rendered the proper judgment in favor of the plaintiff.